IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
10/06/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

MARINALDA DAS NEVES MATOS SOUZA,

Petitioner,

v.

MISTY MACKEY, Warden,
Midwest Regional Reception Center;
CHRISTOPHER CHAMBERLAIN,
Field Office Director, ICE;
TODD BLANCHE, Attorney General; and
MARKWAYNE MULLIN, DHS Secretary,

Respondents.

Case No. 26-3315-JWL

**MEMORANDUM AND ORDER**

Petitioner, acting *pro se*, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which she challenges her detention by immigration officials. For the reasons set forth below, the Court **denies** the petition.

Petitioner alleges that she was detained by immigration officials on March 4, 2026; that on April 27, 2026, the immigration court ordered petitioner's removal; and that petitioner appealed the removal order to the Board of Immigration Appeals (BIA), which appeal remains pending. On August 26, 2026, petitioner filed the instant habeas action; respondents have filed an answer, and petitioner has filed a reply brief, and the matter is therefore ripe for ruling.

In her first claim, petitioner asserts that she has been detained beyond the removal period set by 8 U.S.C. § 1231(a) (during which time detention is mandatory).[1] Petitioner's removal period under that statute has not yet begun, however, as she has appealed to the BIA and therefore her removal order has not become administratively final. *See id.* § 1231(a)(1)(B)(i); 8 C.F.R. § 1241.1(a). Thus, petitioner is not being detained pursuant to Section 1231, and this claim therefore fails.[2]

Petitioner also claims in her petition that her mandatory detention while her BIA appeal is pending violates due process. Respondents state in response that petitioner is not subject to mandatory detention, but that she is actually being detained pursuant to 8 U.S.C. § 1226(a), which allows for discretionary release on bond, *see id.*, as evidenced by a form notice of a custody determination for petitioner under Section 1226. Accordingly, because petitioner is not subject to mandatory detention and may request a bond hearing in immigration court, the Court denies this claim.[3]

Finally, petitioner lists "conditions of confinement" as a ground for relief in her petition, although she appears to abandon the claim as a separate basis for relief in her reply brief. At any rate, a claim concerning the conditions of confinement is not properly

[1] Petitioner's citation to 8 U.S.C. § 1281(a) appears to be a typographical error, as Section 1231(a) defines the removal period, and Section 1281(a), relating to aliens serving as crew members on vessels, is not relevant here.

[2] In addition, petitioner appears to have abandoned this claim in her reply.

[3] The custody determination form indicates that petitioner refused to sign to acknowledge receipt of the notice, and petitioner did not check a box on the form indicating that she would like a bond hearing in immigration court. Petitioner states in her reply brief that she does now request a bond hearing, but any such request must be made to the immigration court.

addressed in a habeas action, *see Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011), and the Court therefore denies any such separate claim asserted by petitioner.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 6th day of October, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge